IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE C. MURRAY, | : | CIVIL ACTION |
| | : | NO. 13-3844 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW,** this **13th** day of **August, 2014,** after careful and independent consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 14) and Plaintiff's objection thereto (ECF No. 15),[1] it is hereby **ORDERED** as

---

[1]     The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). Upon conducting an independent evaluation, the Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the Court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. See 42 U.S.C. § 405(g) (2006); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (internal quotation marks omitted). "It is 'more

follows:

        (1)   The Case is **REMOVED** from **SUSPENSE;**

        (2)  Plaintiff's Objection to the Report and

Recommendation is **DENIED;**[2]

---

than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see also Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992))).

[2]     Plaintiff objected to the Report and Recommendation ("R&R") stating, in total:

> Enclosed herein please find a copy of Plaintiff, Marlene C. Murray's OBJECTION to the Report and Recommendation by Thomas J. Rueter, United States Magistrate Judge. I request Summary Judgment to be entered against The Social Security Administration, and awarded to Marlene C. Murray for Social Security Disability Benefits. Pursuant to Sections 216(1) and 223(d) of the Social Security Act.

> Summary Judgment is issued due to The Administrative Law Judge abused his discretion [sic], and all the medical evidence supports a favorable decision.

Pl.'s Objection, ECF No. 15. Attached to Plaintiff's blanket objection are various exhibits including, inter alia, several previous filed documents and what appears to be a brief in support of her previously filed motion for summary judgment. Given Plaintiff's approach to organizing her exhibits the purpose of each document is not clear nor is it clear what Plaintiff intends to be new material. Notably, Plaintiff's exhibits make no mention of the R&R, including, any objections thereto.

     As Plaintiff makes no specific objections to the R&R,

(3)   The Report and Recommendation of Judge Rueter is

**APPROVED** and **ADOPTED**;[3] and

---

there is no portion of the R&R for the Court to review <u>de novo</u>.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Cont'l Cas. Co.</u>, 150 F.3d at 250.  The Court thus moves to the next step in which it conducts an independent evaluation before accepting, rejecting or modifying, the findings and recommendations made by Judge Rueter.  28 U.S.C. § 636(b)(1).  To the extent Plaintiff intended for some of her documentation to raise an additional objection(s) to the R&R, the following analysis satisfies the appropriate standard of review for such objections in that the Court conducts a review of the ALJ's decision.  <u>See</u> <u>Cont'l Cas. Co.</u>, 150 F.3d at 250.

[3]     Judge Rueter provided a thorough and well-reasoned R&R which addressed all of Plaintiffs points, including those raised in her motion for summary judgment.  <u>See</u> R&R, ECF No. 14.  The R&R correctly summarizes the factual and procedural history, and it is adopted by the Court.  R&R 1-3, 5-7.

     In Plaintiff's brief in support of her motion for summary judgment, Plaintiff argues that ALJ "abused his discretion by limiting the weight of the medical evidence, and [Plaintiff's] prior work history" Pl.'s Br. Supp. Mot. Summ J. 4, and that the ALJ "gave no assessment, or to little weight to [Plaintiff's] Chronic Medical Conditions, and current medications," Pl.'s Br. Supp. Mot. Summ. J. 5, ECF No. 15.  Plaintiff thus concludes that the residual functional capacity ("RFC") set out by the ALJ is incorrect.  As the R&R makes clear, Plaintiff's assertions are incorrect.

     The ultimate decision as to a Plaintiff's RFC lies in the hands of the ALJ as "the ALJ-not treating or examining physicians or State agency consultants-must make the ultimate disability and RFC determinations."  <u>See</u> <u>Chandler v. Comm'r Soc. Sec.</u>, 667 F.3d 356, 359 (3d Cir. 2011) (cited by R&R at 8-9).  While the ALJ has a duty to assess the medical evidence in reaching that determination, a written evaluation of each piece of evidence is not required, provided the ALJ articulates "some indication of the evidence that he rejects and [the] reasons for discounting this evidence." <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 43 (3d Cir. 2001) (cited by R&R at 8).  The ALJ has an obligation to weigh medical evidence and give more or less credit to varying accounts.  <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1187 (3d Cir. 1992).  Specifically, the ALJ may base his

decision to give less credit to certain medical opinions where those opinions are based primarily on a Plaintiff's subjective complaints and inconsistent with other medical evidence.  See Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999).

Presently, the R&R accurately stated that the ALJ "reviewed the medical evidence in this case and ultimately determined that plaintiff was able to perform sedentary work with certain limitations."  R&R at 9 (citing Hr'g Decision at 6).  Furthermore, the R&R was correct in finding that, in reaching a decision, the "ALJ set forth the medical evidence and explained his reasons for accepting portions of the opinion evidence, while discounting others."  R&R at 9.

The ALJ considered Plaintiff's medical history in determining Plaintiff's RFC.  Hr'g Decision at 10-11.  The ALJ's analysis included a review of x-rays, an MRI, and other medical tests.  The ALJ's decision included a discussion of the opinions of Doctor Andrew J. Collier, Jr., Doctor Mark Graham, Doctor Emil P. Sfedu, Doctor Jay Shaw, Doctor Nicole Machinski, and Doctor Mark Hite.  The ALJ explained why he gave more weight to some opinions and less weight to others.  Factors specifically considered by the ALJ which influenced the ALJ's decision to reach the RFC included, inter alia, that: (1) Plaintiff was not receiving physical therapy; (2) Plaintiff had not had any recent surgical intervention for her impairments; (3) Plaintiff could "ambulate effectively without a medically required hand-held assistive device;" (4) Plaintiff does not need narcotics for pain management; and (5) Plaintiff's doctors had not diagnosed Plaintiff with any significant long-term limitations.  Hr'g Decision at 10-11.

First, in reviewing the ALJ's decision, the Court holds that the ALJ's officer's findings were supported by substantial evidence, see Burns, 312 F.3d at 118, and this Court is thus required to accept the findings of the ALJ rather than independently weighing the evidence or substituting its own conclusions for those of the ALJ, see Rutherford, 399 F.3d at 552; see also Hartranft, 181 F.3d at 360.  The ALJ performed its function properly, particularly in giving increased weight to some evidence and decreased weight to others, see Williams, 970 F.2d at 1187, and providing its reasons for doing so, see Fargnoli, 247 F.3d at 43.

Second, the Court finds that the R&R applied the proper legal standard, aptly addressed Plaintiff's and Defendant's

(4)  Plaintiff's Motion for Summary Judgment (ECF Nos. 9, 15) is **DENIED**.[4]


**AND IT IS SO ORDERED.**


/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,      J.**

---

arguments, and reached the correct conclusion.  As a result, the Court approves and adopts of the R&R in its entirety.

[4]      The R&R's analysis, and the analysis set forth by the Court above, apply with equal force to Plaintiff's motion for summary judgment.  Accordingly, that motion is denied.